## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE SEVER, derivatively on behalf of NEKTAR THERAPEUTICS, | Case No. 1:19-cv-00322-MN |
| Plaintiff, | |
| vs. | |
| HOWARD W. ROBIN, GIL M. LABRUCHERIE, JEFF AJER, ROBERT B. CHESS, SCOTT GREER, CHRISTOPHER A. KUEBLER, LUTZ LINGNAU, ROY A. WHITFIELD, and DENNIS L. WINGER, | |
| Defendants, | |
| and | |
| NEKTAR THERAPEUTICS, | |
| Nominal Defendant. | |
| KAREN HODES, derivatively on behalf of NEKTAR THERAPEUTICS, | Case No. 1:19-cv-00341-MN |
| Plaintiff, | |
| vs. | |
| HOWARD W. ROBIN, GIL M. LABRUCHERIE, JEFF AJER, ROBERT B. CHESS, SCOTT GREER, CHRISTOPHER A. KUEBLER, LUTZ LINGNAU, ROY A. WHITFIELD, and DENNIS L. WINGER, | |
| Defendants, | |
| and | |
| NEKTAR THERAPEUTICS, | |
| Nominal Defendant. | |

**JOINT STIPULATION AND ORDER CONSOLIDATING
RELATED SHAREHOLDER DERIVATIVE ACTIONS AND
ESTABLISHING A LEADERSHIP STRUCTURE**

WHEREAS on February 13, 2019, Plaintiff Christine Sever filed a shareholder derivative action on behalf of nominal defendant Nektar Therapeutics ("Nektar" or the "Company") in this Court alleging breaches of fiduciary duty, unjust enrichment, waste of corporate assets, and violation of Section 14(a) of the Securities Exchange Act of 1934 against defendants Howard W. Robin, Gil M. Labrucherie, Jeff Ajer, Robert B. Chess, Scott Greer, Christopher A. Kuebler, Lutz Lingnau, Roy A. Whitfield, and Dennis L. Winger (collectively, the "Individual Defendants" and together with Nektar, the "Defendants"), captioned *Sever v. Robin, et al.*, Case No. 1:19-cv-00322 (the "*Sever* Action");

WHEREAS on February 18, 2019, Plaintiff Karen Hodes (together with Plaintiff Christine Sever, "Plaintiffs") filed a shareholder derivative action alleging substantially similar facts and making substantially similar claims against the same defendants in this Court, captioned *Hodes v. Robin, et al.*, Case No. 1:19-cv-00341 (the "*Hodes* Action" and together with the *Sever* Action, the "Related Derivative Actions");

WHEREAS the complaint in the *Sever* Action was served on nominal defendant Nektar on February 14, 2019, and the complaint in the *Hodes* Action was served on nominal defendant Nektar on February 19, 2019;

WHEREAS under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS the Related Derivative Actions challenge substantially the same alleged conduct by the same Company directors and executive officers, and involve substantially the same questions of law and fact;

WHEREAS the parties therefore respectfully submit that consolidation of the Related Derivative Actions is appropriate;

WHEREAS to avoid potentially duplicative actions and to prevent any waste of the Court's and nominal defendant's resources, the parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action;

WHEREAS in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, the Plaintiffs agree that The Rosen Law Firm, P.A. and The Brown Law Firm, P.C., the respective resumes of which are attached hereto as Exhibits A and B, shall be designated as Co-Lead Counsel representing plaintiffs in the consolidated action;

WHEREAS the Plaintiffs also agree that Phillips, Goldman, McLaughlin & Hall, P.A. shall be designated Liaison Counsel representing plaintiffs in the consolidated action;[1] and

WHEREAS no prior stipulation or request for an extension has been filed.

WHEREFORE, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1.      The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:19-cv-00322 (the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a):

| **Case Name** | **Case Number** | **Date Filed** |
| --- | --- | --- |

---

[1] Defendants take no position on the appointment of Plaintiffs' Lead Counsel and Liaison Counsel.

3

| | | |
|---|---|---|
| *Sever v. Robin, et al.* | 1:19-cv-00322-MN | February 13, 2019 |
| *Hodes v. Robin, et al.* | 1:19-cv-00341-MN | February 18, 2019 |

2.      Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE NEKTAR THERAPEUTICS DERIVATIVE LITIGATION | Lead Case No. 1:19-cv-00322-MN |

3.      All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 1:19-cv-00322-MN.

4.      Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

5.      Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6.      Co-Lead Counsel shall be responsible for coordinating all activities and

4

appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

7.    Liaison Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.**
John C. Phillips, Jr. (Bar No. 110)
Megan C. Haney (Bar No. 5016)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
Email: jcp@pgmhlaw.com
Email: mch@pgmhlaw.com

8.    Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

9.    Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

10.    ~~This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a derivative case that properly~~ _MN_ ~~belongs as part of In re Nektar Therapeutics Derivative Litigation, Lead Case No. 1:19-cv-00322, is hereafter filed in this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, reassignment, or transfer of any derivative case that might properly be consolidated as part~~

5

of ~~*In re Nektar Therapeutics Derivative Litigation*, Lead Case No. 1:19-cv-00322, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order.~~ *M/N*

11. The Individual Defendants waive personal service of the complaints filed in the Consolidated Action as of today's date.

12. The parties shall meet and confer on a proposed schedule within thirty (30) days of entry of this Order.

13. Defendants are not required to answer or otherwise respond to the respective complaints filed in the Consolidated Action pending the parties' scheduling discussions and further order of the Court.

14. This Stipulation is without prejudice to any and all defenses Defendants may assert in this or any of the above-referenced actions and without prejudice to any and all claims Plaintiffs may assert.

6

Dated: March 7, 2019

                **PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.**

By:   */s/ John C. Phillips, Jr.*_____

       John C. Philips, Jr. (Bar No. 110)
       Megan C. Haney (Bar No. 5016)
       1200 North Broom Street
       Wilmington, DE 19806
       Telephone: (302) 655-4200
       Facsimile: (302) 655-4210
       Email: jcp@pgmhlaw.com
             mch@pgmhlaw.com

*[Proposed] Liaison Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*[Proposed] Co-Lead Counsel for Plaintiffs*

7

Dated: March 7, 2019

**RICHARDS, LAYTON & FINGER, P.A.**

By:   */s/ Raymond J. DiCamillo*_____
Raymond J. DiCamillo (#3188)
Chad M. Shandler (#3796)
Christine D. Haynes (#4697)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
dicamillo@rlf.com
shandler@rlf.com
haynes@rlf.com

*Counsel for Defendants Howard W. Robin, Gil M. Labrucherie, Jeff Ajer, Robert B. Chess, Scott Greer, Christopher A. Kuebler, Lutz Lingnau, Roy A. Whitfield, And Dennis L. Winger, and Nominal Defendant Nektar Therapeutics.*

IT IS SO ORDERED this \_\_13th day of March, 2019.

_____
The Honorable Maryellen Noreika
United States District Judge

8