**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE NEKTAR THERAPEUTICS DERIVATIVE LITIGATION | Lead Case No. 1:19-cv-00322-MN-JLH |

**STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS**

The parties in this matter, by and through their counsel of record, hereby stipulate to the following:

WHEREAS on February 13, 2019, Plaintiff Christine Sever filed a shareholder derivative action on behalf of nominal defendant Nektar Therapeutics ("Nektar" or the "Company") in this Court alleging breaches of fiduciary duty, unjust enrichment, waste of corporate assets, and violation of Section 14(a) of the Securities Exchange Act of 1934 against defendants Howard W. Robin, Gil M. Labrucherie, Jeff Ajer, Robert B. Chess, Scott Greer, Christopher A. Kuebler, Lutz Lingnau, Roy A. Whitfield, and Dennis L. Winger (collectively, the "Individual Defendants" and together with Nektar, the "Defendants"), captioned *Sever v. Robin, et al.*, Case No. 1:19-cv-00322 (the "*Sever* Action");

WHEREAS on February 18, 2019, Plaintiff Karen Hodes (together with Plaintiff Christine Sever, "Plaintiffs") filed a shareholder derivative action alleging substantially similar facts and making substantially similar claims against the same Defendants in this Court, captioned *Hodes v. Robin, et al.*, Case No. 1:19-cv-00341 (the "*Hodes* Action" and together, the "Derivative Actions");

WHEREAS on March 13, 2019 the Court ordered the Derivative Actions consolidated;

WHEREAS the claims in the Derivative Actions are based, in part, on the exposure of Nektar to potential liability in a federal class action, *In re Nektar Therapeutics Securities Litigation*, Case No. 4:18-cv-06607-HSG (the "Securities Class Action"), involving alleged violations of the Securities Exchange Act;

WHEREAS the Derivative Actions were filed following the October 2018 filing of a securities class action complaint in the United States District Court for the Northern District of California that, when amended, became the operative complaint in the Securities Class Action;

WHEREAS the Securities Class Action includes claims against Nektar and six of its officers and directors based on the assertion that those defendants violated the Securities Exchange Act by making false or misleading statements about Nektar's clinical trials for NKTR-214, which is the same assertion made in the Derivative Actions;

WHEREAS this joint stipulation will promote the efficient and orderly administration of justice by appropriately scheduling events in the Derivative Actions by reference to events in the Securities Class Action;

THEREFORE the parties agree to and respectfully request that the Court enter an Order as follows:

1. This action shall be stayed, including with respect to discovery, until 30 days after final resolution of all pleading motions in the Securities Class Action.

2. The parties shall promptly notify each other of any related derivative lawsuits involving Nektar that they become aware of.

3. If the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms or for a shorter duration, or in the event that any party in any related derivative

lawsuit executes an agreement pertaining to the settlement of that related derivative lawsuit without the parties to the Derivative Actions also executing an agreement pertaining to the settlement of the Derivative Actions, the Plaintiffs in this action may lift the agreed-upon stay upon 30 days' notice via email to the undersigned counsel for Defendants, in which case Defendants reserve all rights in response.

4. Within 30 days of the stay being lifted for any reason, Plaintiffs shall file an amended complaint or inform Defendants that an existing complaint shall be deemed to be operative. The parties shall thereafter meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Actions, including the date by which Defendants must respond to the operative complaint.

5. Defendants shall include Plaintiffs in any mediation with the plaintiffs in the Securities Class Action. If plaintiffs in the Securities Class Action object to the inclusion of Plaintiffs in a mediation, then Defendants shall mediate separately with the Plaintiffs at or about the same time. Defendants shall include Plaintiffs in any mediations and in any formal settlement negotiations with any purported plaintiffs in any related derivative lawsuits or threatened derivative lawsuits.

6. If a related derivative action is filed during the pendency of the stay and the complaint in that related derivative action refers to documents previously produced by Nektar to the plaintiffs in that action pursuant to a books and records demand, Defendants shall promptly provide to the Plaintiffs in the Derivative Actions copies of the documents previously produced and referred to in the related derivative action complaint(s).

7. If a related derivative action is filed during the pendency of the stay and Defendants produce documents to plaintiffs during the litigation of the related derivative action, Defendants

shall promptly provide Plaintiffs in the Derivative Actions copies of the documents produced in the related derivative action.

8. Prior to the production of any documents by Defendants to Plaintiffs, the parties shall enter into a confidentiality agreement and/or protective order.

9. Notwithstanding this stay of the Derivative Actions, Plaintiffs may file an amended complaint during the pendency of the stay. Defendants shall be under no obligation to respond to any such complaint while the Derivative Actions are stayed, unless otherwise ordered by the Court.

Dated: August 2, 2019

**PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.**

By: */s/ John C. Phillips, Jr.*
John C. Philips, Jr. (Bar No. 110)
Megan C. Haney (Bar No. 5016)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
Email: jcp@pgmhlaw.com
mch@pgmhlaw.com

*Liaison Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

4

Email: pkim@rosenlegal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

| | |
|---|---|
| Dated: August 2, 2019 | **RICHARDS, LAYTON & FINGER, P.A.** |
| | By: *Chad M. Shandler*_____ <br> Raymond J. DiCamillo (#3188) <br> Chad M. Shandler (#3796) <br> Christine D. Haynes (#4697) <br> 920 North King Street <br> Wilmington, DE 19801(302) 651-7700dicamillo@rlf.com <br> shandler@rlf.com <br> haynes@rlf.com |

*Counsel for Defendants Howard W. Robin, Gil M. Labrucherie, Jeff Ajer, Robert B. Chess, Scott Greer, Christopher A. Kuebler, Lutz Lingnau, Roy A. Whitfield, And Dennis L. Winger, and Nominal Defendant Nektar Therapeutics.*

IT IS SO ORDERED this _____ day of August, 2019.

_____
DISTRICT JUDGE